UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

THOMAS A. O'LEARY,

        Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

Case No. 2:18-cv-02150-GMN-VCF

**REPORT AND RECOMMENDATION**

MOTION TO AMEND [ECF NO. 14]

    Before the Court is Plaintiff Thomas O'Leary's Motion to Amend Complaint. (ECF No. 14). For the reasons discussed below, Plaintiff's motion should be granted and the case should be remanded to State Court.

**BACKGROUND**

    Plaintiff alleges that he slipped and fell in a Smith's parking lot on November 11, 2016. (ECF No. 1-1 at 4). Plaintiff filed a negligence claim against Smith's, Doe Individuals, and Roe Corporations on September 17, 2018 in the Eighth Judicial District of Nevada. (ECF No. 14 at 2; ECF No. 1-1 at 2). Smith's filed a notice of removal on November 8, 2018 based on diversity jurisdiction, as Plaintiff is a Nevada resident and Smith's is a foreign corporation. (ECF No. 1 at 3).[1]

    Plaintiff now moves to amend the complaint to add two defendants: S & S Development and Sahara Towne Square. (ECF No. 14 at 3). These two Nevada entities were allegedly contracted to manage the parking lot area where Plaintiff fell. (ECF No. 14-5 at 3). Plaintiff asserts that Smith's disclosed the

---

[1] There is a pending motion to remand based on the amount in controversy in this case (ECF No. 6), which this Report and Recommendation does not address.

1

entities' identities on January 25, 2019, during discovery. (ECF No. 14 at 3). In opposition to the motion to amend, Smith's argues that the proposed amendment must comply with 28 U.S.C. § 1447(e) and Plaintiff's claims against the two new entities are barred by the statute of limitations. (ECF No. 15 at 3).

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Though there is no controlling standard for the Court's discretion to permit or deny joinder, Courts generally consider (1) how central the proposed defendants are to the case and remedy sought by the plaintiff, (2) any delay in seeking to amend the complaint, and (3) the validity and strength of the plaintiff's claims. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Lopez v. Kroger Co.*, No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *1 (D. Nev. July 24, 2017); *Murray v. W. United Ins. Co.*, No. 2:13-cv-02306-JCM-PAL, 2014 WL 5506789, at *5 (D. Nev. Oct. 31, 2014).

The Court finds that amendment is proper under both Federal Rule of Civil Procedure 15 and 28 U.S.C. § 1447(e). Plaintiff has filed the motion to amend early in the case, soon after learning the identity of the proposed new defendants. Assuming the facts in the complaint are true, the claims against the two new entities are valid, which weighs against finding that Plaintiff is seeking to amend the complaint simply

to defeat diversity jurisdiction. Any party that was contractually obligated to care for the Smith's parking lot would be central to Plaintiff's claim and potential defenses for Smith's.

However, there remains an issue regarding the statute of limitations in this case. Smith's argues that the statute of limitations expired in November of 2018, two years after the incident. (ECF No. 15 at 3). Plaintiff argues that any amendment to add new defendants would relate back to the date that the complaint was originally filed. (ECF No. 16 at 4-6). "[B]ecause the limitations period derives from state law, Rule 15(c)(1) requires [the Court] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014). The Nevada Rules of Civil Procedure[2] contain a specialized test for relation back when a party seeks to name a previously described Doe or Roe Defendant:

> (1) pleading fictitious or doe defendants in the caption of the complaint; (2) pleading the basis for naming defendants by other than their true identity, and clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercising reasonable diligence in ascertaining the true identity of the intended defendants and promptly moving to amend the complaint in order to substitute the actual for the fictional. Satisfaction of all three of the aforementioned elements is necessary to the granting of an amendment that relates back to the date of the filing of the original complaint.

*Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 881, 822 P.2d 1100, 1106 (1991), *abrogated on other grounds by Costello v. Casler*, 127 Nev. 436, 254 P.3d 631 (2011).

Though the final resolution of the statute of limitations issue would be left to the State Court upon remand (should there be a motion to dismiss, for example), the Court's finds that Plaintiff's proposed amendment does not appear to be barred by the statute of limitations on its face. Plaintiff has at least

---

[2] The Court notes that the Nevada Rules of Civil Procedure will have major amendments going into effect on March 1, 2019. The Advisory Committee Notes to the 2019 Amendment states, "[t]he amendment moves the fictitious-party provision from former NRCP 10(a) to Rule 10(d). This move represents a stylistic, not a substantive, change to existing Nevada law."

facially met the requirements for relation back under *Nurenberger*—Plaintiff included Doe and Roe Defendants in the caption, indicated their connection to the case, and was reasonably diligent in discovering the entities' identity and moving to amend the complaint. (*See* ECF Nos. 1-1, 14, 14-5). Therefore, Plaintiff's motion to amend should be granted and the case should be remanded to State Court.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion to Amend Complaint (ECF No. 14) be GRANTED and the case be remanded to State Court.

DATED this 25th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE